UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GLENN CHILDRESS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 2:10-cv-10-WTL-JMS |
| ) | |
| WOOD, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry and Order Directing Dismissal of Action**

For the reasons explained in this Entry, this civil rights action brought by Glenn Childress, an Indiana prisoner, must be **dismissed.**

**I.**

Childress is an inmate at the Putnamville Correctional Facility ("Putnamville"). He alleges that the defendants were deliberately indifferent to his safety and exposed him to unsanitary conditions in violation of the Eighth Amendment, that he was confined in segregation in violation of his due process rights, and that the defendants' actions were negligent under state law. Childress seeks a declaratory judgment, injunctive relief,[1] and damages.

In support of his claims, Childress alleges that on July 9, 2008, he was sentenced to execute six months in the Maximum Security Unit (MSU) at Putnamville. The cell to which Childress was assigned had problems, including a toilet which flooded, "no lighting other than the window," and a toilet paper dispenser with a square rough edge. When Childress complained of these conditions, the defendants told him that a work order had been put in.

Less than two weeks later, on July 21, 2008, Childress was moved to a different cell. Childress alleges that the conditions in this cell were also unconstitutional. In support of this claim, Childress alleges that 1) "the cell had no lighting other than natural light shining threw a small window," 2) the broken lighting system still hung on the wall with exposed

---

1 Specifically, Childress requests an order requiring "an outside operative inspect every square inch of the Putnamville Correctional Facility's living quarter to insure adequate sanitation, lighting, and every aspect of a livable environment."

wires hanging out of it, 3) the bed would "teeter totter" because the wall brackets were loose or broken, 4) the toilet paper dispenser was broken "exposing a sharp circular hole," 5) mice ran in the plaintiff's cell, and 6) "there were two sharp, square metal pieces bolted to the wall under the shelf."

Childress does not allege that he suffered any physical injury as a result of these conditions.

## II.

Because Childress is a prisoner as defined by 42 U.S.C. § 1915(h), his complaint must be screened as required by 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. *Id.* Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

The sufficiency of a complaint is governed by Federal Rule of Civil Procedure 8(a). *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 821 (7th Cir. 2009). That rule provides that to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556).

## III.

### A.

Childress' federal claims are asserted pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978). "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

### B.

The Eighth Amendment's proscription against the imposition of cruel and unusual punishment provides the constitutional standard for the treatment of convicted offenders

such as the plaintiff. *Helling v. McKinney*, 509 U.S. 25, 31-32 (1993). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 1976 (1994). A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, `sufficiently serious.'" *Farmer*, 114 S. Ct. at 1977.  As the Court explained in *Farmer,* "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1979.

Nothing in the description of the conditions of Childress' confinement in this action suggests the deprivation of a single identifiable human need or the denial of the minimal civilized measure of life's necessities. *Wilson v. Seiter,* 501 U.S. 294, 298-305 (1991). The allegations of Childress' complaint involve his placement in two cells, the first had a toilet which flooded, a light which did not work, and sharp edged objects affixed to the walls. The second cell lacked artificial light, had a bed that "teeter tottered," had sharp edged objects attached to the walls, and had mice. These conditions, neither singly nor in combination, constitute anything remotely approaching a deprivation of the minimal civilized measure of life's necessities. *Duran v. Elrod,* 760 F.2d 756 (7th Cir. 1985) ("The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'")(quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)).

Childress does not claim that he suffered physical harm as a result of any of these conditions. Additionally, there is no suggestion that the defendants acted with the necessary and highly culpable deliberate indifference necessary to support a viable claim under the Eighth Amendment.

## C.

Childress alleges that his placement in the MSU violated his due process rights. Assuming that Childress was not provided with procedural protections before being placed in disciplinary segregation, the question is whether he had a constitutionally protected liberty interest in avoiding such placement. He did not. Childress does not allege that this placement was indefinite or affected his parole eligibility. The conditions of confinement imposed on the plaintiff "'likely would apply to most solitary confinement facilities,' suggesting that the conditions themselves were ordinary incidents of prison life that inmates have no liberty interest in avoiding." *Townsend v. Fuchs*, 552 F.3d 765, 772 (7th Cir. 2008) (quoting *Wilkinson v. Austin*, 545 U.S. 209, 222-24 (2005)). To the extent the plaintiff is challenging the conditions of his confinement while in punitive segregation, those conditions

have been considered above and "have no bearing on whether . . . prison officials were required to provide [the plaintiff] with procedural protections before placing him in [segregation]." *Id.* Accordingly, because Childress had no right to be free from placement in segregation, there was no due process violation alleged through that placement. *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001)(when no recognized liberty or property interest has been taken, the confining authority "is free to use any procedures it chooses, or no procedures at all"),

### III.

For the reason explained above, the complaint fails to survive the screening required by § 1915A because it fails to contain a legally viable claim under either the Eighth or Fourteenth Amendments. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002). Any claim asserted under Indiana state law is dismissed for lack of jurisdiction. *Williams v. Rodriguez,* 509 F.3d 392, 404 (7th Cir. 2007).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/25/2010

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana